**Daisy Allison DUTRUCH, Wife of and Allen Dutruch**

v.

**UNITED STATES of America.**

**No. 10545.**

United States District Court
E. D. Louisiana.
Sept. 20, 1963.

Garland R. Rolling, Metaire, La., for plaintiff.

Nicholas J. Gagliano and L. Howard McCurdy, Jr., Asst. U. S. Attys., for the United States.

FRANK B. ELLIS, District Judge.

At about 4:45 p. m., August 31, 1960, Mrs. Daisy Allison Dutruch, wife of Allen Dutruch, was involved in an auto accident with a pick-up truck operated by Mr. Kenneth Jude Roy and owned by the United States Department of Agriculture, Agriculture Research Service Plant Pest Control Division, which was then located in Hammond, La. She suffered injuries and initiated this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., against the United States for damages, and is joined by her husband seeking recovery of monies expended in medical expenses and damages to the family auto. Jurisdiction is vested in this Court by 28 U.S.C. § 1346(b).

Prior to the accident Mr. Roy was proceeding in a pick-up truck in a northwesterly direction on Louisiana Highway #40 and Mrs. Dutruch was proceeding in the opposite direction, southeasterly. It was raining at the time and the asphalt highway was admittedly wet and slick. Both parties were driving within the posted speed limit, Mrs. Dutruch traveling between 35 and 40 MPH and Mr. Roy between 40 and 45 MPH.

The accident occurred in the middle of the bridge over the Simalusa Creek, which is about 120 feet long and 18 feet wide, under the following circumstances:

As Mr. Roy approached the bridge he noticed the Dutruch car near the center line and applied his brakes to get as near the bridge railing as possible. In so doing his brakes did not grab equally on the wet asphalt and threw his vehicle with considerable force into the side of the Dutruch automobile. Impact was left front side to left front side, the Dutruch automobile sustaining a damaged fender and door and the government vehicle sustaining a bent bumper and a dent in the left fender.

On the following day, Mrs. Dutruch was admitted into the St. Tammany Parish Hospital by Dr. J. H. Kety, her attending physician, and remained in that institution under his observation from September 1st until September 10th. She complained of severe back pain and X-rays taken upon her admission were negative for bone injury to the lumbosacral spine. Dr. Kety ordered that boards be put on her bed and ordered the usual medication for pain. On the fourth day in the hospital she was given diathermy treatments and on the fifth day was placed in pelvic traction which was not removed until the day before her discharge.

For the next two years Dr. Kety treated Mrs. Dutruch for low back sprain. She was subsequently examined by Dr. Byron Unkauf, an orthopedic specialist in New Orleans, on October 10, 1960, and again on December 13, 1962. Dr. Unkauf stated that in December of 1962 his diagnosis was a possible mild protrusion of a lower lumbar disc and recommended a myelogram at a future date if the same complaints persisted. At that time plaintiff stated that she still experienced discomfort in riding in an automobile to New Orleans.

After trial on the merits this Court found that the proximate cause of the accident was the government employee's application of his brakes which were, admittedly, ineffectively applied, throwing the vehicle into the side of plaintiff's automobile. The Court also found that the plaintiff was well within the speed limit, was in her proper lane of travel and was operating her auto in a prudent manner. Liability was assessed against the government, the quantum of damages being pretermitted until a more definite medical diagnosis could be ascertained by Dr. Unkauf.

On January 2, 1963, plaintiff underwent a myelogram at Touro Infirmary. Dr. Unkauf injected 6 cc of Pantopaque

into her spinal canal, and with the radiologist, watched the excursion of the opaque media under the fluoroscope. The radiologist interpreted the examination as follows:

> "The spinal canal was examined from the caudal sac to the dorsolumbar junction. No obstructive lesion is seen and no filling defect is detected.
>
> "At the conclusion of the procedure, it was not possible to remove all of the medium, an estimated 4cc remaining."

The myelogram was negative. Dr. Unkauf's diagnosis stated * * * "that in view of the non-positive myelogram, that her conservative treatment should be carried further and [that he] would be desirous of seeing her whenever she has a really acute exacerbation of her condition which she states occurs periodically." The Court finds as a matter of fact that plaintiff has experienced pain and suffering from the date of the accident until say, January 10, 1963, the date of Dr. Unkauf's last report, recommending further conservative treatment. This suffering and discomfort covered a period of some 28 months, and the plaintiff continues to have some residual low back pain.

The Government objects to the payment of the bill rendered by Dr. Kety in the amount of $1,500.00 on the grounds that, by his own admission, he treated her for what appeared to be an injury without any external manifestations. This court is in the difficult position of determining which portion of the bill reflects treatment for existent injuries and which portion of the bill reflects treatment that was not essential to the patient's recovery. The Court, after consideration of all the testimony, will allow plaintiff to recoup half of this item of special damages, that is, $750.00. The sum of $50.00, the cost of the myelogram, and $30.00 for X-rays, are to be added to this figure.

A claim is also made for the deductible portion of the automobile collision policy in the sum of $50.00 which the court will allow plaintiff to recover from defendant.

The Court assessed damages for physical injury and mental pain and suffering in the amount of Five Thousand and No/100 ($5,000.00) Dollars as reasonable compensation. Accordingly, there will be judgment in favor of plaintiff and against defendant for Five Thousand Eight Hundred Thirty and No/100 ($5,830.00) Dollars, with legal interest at five percent (5%) per annum from the date of judgment and all costs.